UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CAROL ANN NORTHCUTT, ET AL. | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-433 |
| | § | |
| INDIANA MILLS & MANUFACTURING, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

## I. Introduction

Pending before the court is defendants Indiana Mills & Manufacturing, Inc.'s ("Indiana Mills") and Deere & Company's ("Deere") (collectively "Defendants") motion to transfer venue (Dkt. No. 28). Defendants contend that the Tyler Division of the Eastern District of Texas is a more convenient forum than the Marshall Division of the Eastern District of Texas and, thus, seek to transfer venue pursuant to 28 U.S.C. § 1404(a). The court, having considered the venue motion and the arguments of both parties, DENIES Defendants' motion to transfer venue because the "private" and "public" *forum non conveniens* factors do not demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by Plaintiffs. *See In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

## II. Factual and Procedural Background

Kyle Northcutt was a student at Associated Training Service of Texas ("ATST") in Wills Point, Texas. He was fatally injured during a training exercise when he fell off of a bulldozer he was operating. First responders from the Wills Point Fire and EMS departments responded to the scene, and Kyle was taken to a hospital in Terrell, Texas. It appears that a Kaufman County Justice of the Peace was involved in formalities related to Kyle's death, and a medical examination was conducted by the Dallas County Medical Examiner's office.

Plaintiffs, residents of Alaska, brought this products liability claim against Indiana Mills and Deere pursuant to diversity jurisdiction. Plaintiffs contend that Kyle fell from the bulldozer after his seatbelt became disengaged. Deere manufactured the bulldozer; Indiana Mills manufactured the seatbelt. Defendants have jointly moved to transfer venue to the Tyler Division, asserting 28 U.S.C. § 1404(a).

### III.   Legal Standard

Change of venue is governed by 28 U.S.C. § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should be granted only upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Volkswagen II*, 545 F.3d at 315.

The threshold question in applying § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. *Id.* In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum

with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315.

## IV.  Analysis

### A.  Proper Venue

The parties do not dispute that venue is proper in the Eastern District of Texas. The accident giving rise to this claim occurred in the Eastern District of Texas, and Defendants reside, for venue purposes, in the Eastern District of Texas. Accordingly, venue is proper in all divisions within the Eastern District, including the Tyler Division.

### B.  Private Interest Factors

#### 1.  *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first "private" interest factor to consider. Defendants contend that the accident happened in Wills Point, and that Wills Point is located in Van Zandt County, within the Tyler Division of the Eastern District of Texas. According to Defendants, the relevant ATST records are located in Wills Point, and the records related to investigative agencies and first responders are located in either Van Zandt or Dallas Counties.

The Marshall Division courthouse is approximately 105 miles from Wills Point, Texas. The proposed transferee court, in the Tyler Division, is approximately 52 miles from Wills Point, Texas. For records in and around the accident scene, the difference between the two venues is only approximately 55 miles. Therefore, although the sources of proof are slightly closer to the transferee forum, the court concludes this fact weighs only slightly in favor of transfer.

### 2. *Availability of Compulsory Process*

The next "private" interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Defendants concede that the availability of compulsory process factor is neutral.

### 3. *Cost of Attendance for Willing Witnesses*

Next, the court must weigh the cost for witnesses to travel to and attend trial in the Marshall Division versus the Tyler Division. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205. The court must consider the convenience of both the party and non-party witnesses. *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009).

Defendants argue that the Tyler Division is significantly more convenient than the Marshall Division for all witnesses involved. It is true, as Defendants contend, that the Tyler Division is closer to the witnesses than the Marshall Division. The difference, however, between the two venues is roughly 55 miles. This difference is negligible in the context of a § 1404(a) motion. It is simply not enough to warrant a transfer of venue or a finding that the proposed transferee court is clearly more convenient than the plaintiffs' chosen forum.

### 4. *Other Practical Problems*

Practical problems include issues of judicial economy. No practical problems exist that would deter transfer to the Tyler Division. As such, this factor is neutral.

4

### C. Public Interest Factors

#### 1. *Court Congestion*

In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved. Defendants concede this factor is neutral.

#### 2. *Local Interest*

The court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318. The Tyler Division has a stronger local interest in the outcome of this case than the Marshall Division. All of the events giving rise to this case happened in the Tyler Division and local law enforcement and first responders serve communities within the Tyler Division. However, Indiana Mills and Deere are corporations that conduct business all over the world, and it is their conduct, as opposed to the conduct of the local law enforcement and first responders, that will primarily be assessed by the jury in this case. This tempers the Tyler Division's local interest in the outcome of the case. Nevertheless, given that the accident happened at ATST's school, and its conduct will also be assessed by the jury, the Tyler Division has a stronger local interest than this division, and this factor weighs in favor of a transfer.

#### 3. *Familiarity with the Governing Law*

One of the "public" interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Marshall Division and the Tyler Division are familiar with the applicable law, and thus this factor is neutral.

4.   *Avoidance of Conflict of Laws*

To the extent any conflict of laws issues are expected in this case, they would apply equally to the Tyler as well as the Marshall Division. This factor is therefore neutral.

## V.   Conclusion

Considering all of the "private" and "public" interest factors, Defendants have not met their burden to show that the Tyler Division of the Eastern District of Texas is "clearly more convenient" than the Marshall Division of the Eastern District of Texas. Most of the factors are neutral. Given the proximity between the courthouses of the Tyler and the Marshall Division, any inconvenience to witnesses is only slight, and any records would have to be transported only a slightly greater distance to Plaintiffs' chosen forum than to the proposed transferee forum. On balance, the Tyler Division is not "clearly more convenient," and the motion to transfer venue (Dkt. No. 28) is DENIED.

SIGNED this 23rd day of August, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE